**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

SARAH WOODS PLAINTIFF

V. NO. 3:04CV-586-MO

EVENFLO COMPANY, INC. DEFENDANT

### MEMORANDUM OPINON

The defendant, Evenflo Company, Inc., has filed a motion for summary judgment, in which it asserts that it is entitled to judgment in its favor because it neither manufactured not placed into the stream of commerce the allegedly defective car safety seat that injured Ms. Woods, and is not a successor in liability to the company that did. The safety seat at issue is the Kantwet One Step Model 401, which was manufactured in 1986 by Spalding & Evenflo Companies, Inc. (n/k/a SHC, Inc.)("Spalding") and marketed under the brand name Evenflo Juvenile Furniture Co., until 1991, when Spalding ceased manufacturing the car seats. The accident happened in 1990. The separate entity known as Evenflo Juvenile Furniture Company, Inc., did not exist until October 1992, and Evenflo Company, Inc. (the defendant in this action) did not exist until Spetember 1995. Spalding continued to exist (eventually under different corporate names) after the creation of Evenflo Juvenile Furniture Company, Inc. and Evenflo Company, Inc.

At the close of briefing on the motion for summary judgment, the court entered an order noting that it was inclined to grant the motion, but, based on an affidavit filed by plaintiff's counsel pursuant to FED. R. CIV. P. 56(f), allowed plaintiff to inform the court of any additional facts that establish that the defendant is the successor in liability to the company that

manufactured and marketed the safety seat. Plaintiff filed her sur-reply, but did not produce any evidence to rebut defendant's assertions. Instead, she filed a motion for leave to file an amended complaint that includes SHC, Inc., the successor to the manufacturer of the car safety seat, as an additional defendant. Although the question of whether Evenflo is a successor in liability to the company that manufactured the safety seat has been an issue for quite some time (*see* docket no. 26, Ex. A), plaintiff has not sought any extensions of the deadlines for amending pleadings and joining parties (August 1, 2005) or for completing discovery (December 31, 2005). Nor has she pursued appropriate discovery regarding other potentially liable parties. She has thus failed to produce the evidence necessary to rebut defendant's motion, and her request to add SHC, Inc., as a defendant in this action is untimely.[1] Absent any statute of limitations problems, or Rule 11 issues, she is of course free to initiate another action against SHC, Inc..

The court will, by separate order, grant Evenflo's motion for summary judgment pursuant to FED. R. CIV. P. 56(c), and deny plaintiff's request to file an amended complaint pursuant to FED. R. CIV. P. 15.

DATE:


cc:     counsel of record

---

[1] The court is aware that SHC, Inc., has been the party to a bankruptcy action, which was filed prior to the commencement of this action and imposed a stay of litigation. Nevertheless, on March 16, 2006, eight days before the court entered its order granting plaintiff the right to file a sur-reply, the U.S. Bankruptcy Court for the District of Delaware (Case No. 03-12002, docket ref. no. 1223) entered an order allowing Ms. Woods to pursue a claim for personal injury against SHC. Accordingly, at that point, there was no impediment to plaintiff pursuing the necessary discovery against SHC to establish that the defendant in this action assumed (by operation of law or by express agreement) the liability for the product at issue, or at least requesting an extension of the deadline to file a sur-reply so that they could do so.